# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES GEOFFREY STURGILL, JR.,** | : | |
| | : | Civil Action No. 1:04-CV-851 |
| Plaintiff | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| **GENERAL MOTORS CORP.,** | : | |
| | : | |
| Defendant | : | |

## ORDER

On July 15, 2005, Defendant General Motors Corporation moved for summary judgment in this action. After more than a month elapsed without Plaintiff filing any response, the Court entered an order on August 23, 2005 directing Plaintiff to show cause within ten days why the motion for summary judgment should not be deemed unopposed. To date, Plaintiff has not responded to the show cause order, and has filed no brief in opposition to the pending dispositive motion. The Court will now consider the motion to be unopposed and it will be granted, with directions to the clerk to enter judgment in favor of Defendant and to close the file.

Plaintiff commenced this action by complaint filed on April 20, 2004. Plaintiff alleged that on October 5, 2001 the steering wheel of the Chevrolet Corvette he was driving locked into a fixed position as he was attempting to negotiate a turn along a road in Fairfield, Pennsylvania, causing the Corvette to run off the road and causing Plaintiff to sustain serious injuries. He has sued Defendant, claiming that the Corvette had a manufacturing and/or design defect that caused the accident. In addition to his other claims, Plaintiff also requested that punitive damages be assessed.

Defendant moved for summary judgment, arguing that: (1) Plaintiff has not had the Corvette

inspected by an expert and is therefore unable to establish that the Corvette's steering mechanism had a defect at the time of the accident; (2) in addition to the lack of direct evidence regarding an alleged defect, there is no circumstantial evidence of defect, as there were no reports that Plaintiff had ever experienced trouble with the vehicle, which had traveled less than 5,000 miles at the time of the accident; (3) Plaintiff cannot rule out that excessive speed was a cause of the accident, which was the conclusion reached by a Pennsylvania State Trooper investigating the accident, as well as by all three of Defendant's liability experts; and (4) there is no evidence that Defendant acted wantonly or recklessly in its design of the 2001 Corvette, and therefore punitive damages are unavailable as a matter of law.

Because it appears Plaintiff has essentially conceded that Defendant must prevail on summary judgment, the Court will not undertake an exhaustive discussion of the pending motion or the relevant law. The Court does note, however, that it finds that Plaintiff could not possibly prevail on his allegation of a manufacturing or design defect in the steering system of the 2001 Corvette. As Defendant notes, courts frequently require the assistance of experts to provide testimony on matters that are substantially technical or complex and which are therefore outside of the scope of knowledge of a general layperson.[1] The Court finds that the steering mechanism of a complex modern sports car is the sort of intricate and detailed system about which expert testimony is especially helpful, if not critical, for lay

---

[1] The United States Court of Appeals for the Third Circuit has suggested that a plaintiff may not prevail without expert testimony in a manufacturing or design defect action where the product at issue is highly technical and beyond the understanding of the average lay person. See Huddell v. Levin, 537 F.2d 726, 736 (3d Cir. 1976); see also Jones v. Toyota Motor Sales, 282 F. Supp. 2d 274-276 (E.D. Pa. 2003) ("a plaintiff must present expert testimony when laymen would lack the necessary knowledge and experience to render a just and proper decision"), aff'd, 94 Fed. Appx. 879, 881 (3d Cir. 2004) ("where the issue concerns a product's design, . . . it would seem that expert opinion is the only available method to establish defectiveness").

people to understand claims that such a system was defective or malfunctioning.

In this case, Defendant produced an expert report from an engineer that explained the workings of the steering mechanism employed in the 2001 Corvette, and opined that the system was functioning properly at the time of the accident. (Doc. No. 24, Ex. G.) For reasons that are not clear, Plaintiff opted to forego retaining an expert or commissioning an expert report of the vehicle.[2] The time for submitting expert reports ended in June 2005, and Plaintiff is now precluded from offering an expert report to support his claims of design or manufacturing defect. In contrast to the evidence Defendant has produced that the steering system of Plaintiff's 2001 Corvette was neither malfunctioning nor defective, Plaintiff has come forward with no direct evidence supporting his claim that such a defect was the cause of his accident.

In addition to the absence of direct evidence of a design defect, Plaintiff has not come forward with any circumstantial evidence that might be offered to support a claim of malfunction. In cases where a plaintiff is unable to prove a product's defect through direct evidence, he may rely on a theory that the product malfunctioned. This theory permits a plaintiff to prove that a defective condition existed in the product through circumstantial evidence, including: (1) the occurrence of a malfunction; (2) expert testimony as to possible causes; (3) the timing of the accident in relation to the time plaintiff came into possession of the vehicle; (4) similar accidents involving the same product; (5) elimination of other possible causes of the accident; and (6) proof that the accident would not have occurred in the absence of a manufacturing defect. Hamilton v. Emerson Elec. Co., 133 F. Supp. 2d 360, 365 (M.D.

---

[2] Defendant has submitted a letter from its counsel to Plaintiff's counsel confirming that Plaintiff would not be relying upon expert testimony during trial in this action. (Doc. No. 24, Ex. F.)

Pa. 2001); see also Rogers v. Johnson & Johnson Prods. Inc., 565 A.2d 751, 754 (Pa. 1989). Although it is not necessary for a plaintiff to negate every potential secondary cause for the alleged malfunction, he must present some evidence negating other reasonable causes that could potentially account for the accident. See Schlier v. Milwaukee Elec. Tool Corp., 835 F. Supp. 839, 841 (E.D. Pa. 1993); Dansak v. Cameron Coca-Cola Bottling Co., 703 A.2d 489, 497 (Pa. Super. Ct. 1997).

As he has ignored Defendant's motion for summary judgment and this Court's order to show cause, Plaintiff has presented no direct or circumstantial evidence regarding his allegations of malfunction. Plaintiff has not come forward with any evidence that the steering of the 2001 Corvette had ever malfunctioned prior to the accident, nor has Plaintiff come forward with evidence of other 2001 Corvettes that have had similar alleged problems with the steering system. Furthermore, Plaintiff has offered no evidence that would eliminate the possibility that the accident was caused by other factors. On this point, the Court specifically notes that the State Trooper responsible for investigating the accident determined that Plaintiff was traveling in excess of 50 miles per hour at the time of the accident. All three of Defendant's experts agreed that excessive speed led to Plaintiff losing control of the Corvette. Accordingly, the only evidence of which the Court is aware strongly suggests that the accident was due, at least in part, to the excessive speed at which Plaintiff was attempting to negotiate a turn along a road with a posted speed limit of 35 miles per hour. Finally, the Court notes that prior to commencing this lawsuit, Plaintiff never claimed that the accident was due to a vehicle malfunction, but had always claimed that the he lost control of the Corvette when he tried to avoid an oncoming vehicle. To date, Plaintiff's claims of an oncoming vehicle have been unsubstantiated. For all of these reasons, the Court finds that Plaintiff has also failed his burden to come forward with some circumstantial

evidence to support his claims of product malfunction.

As above, the Court also finds that Plaintiff has come forward with no evidence necessary to support his claim that he is entitled to punitive damages. Nothing before the Court suggests that Defendant was reckless or wanton in its design or manufacture of the 2001 Corvette, and the Court finds that punitive damages would be unwarranted even if the Court found that Plaintiff's unsupported claims of design or manufacturing defect were sufficient to surpass summary judgment.

Because Defendant has come forward with direct and circumstantial evidence demonstrating that the 2001 Corvette did not have a design or manufacturing defect with respect to its steering mechanism, and because Plaintiff has offered no evidence at all to support his claims of product liability despite having been given substantial time in which to do so, the Court finds that Defendant is entitled to have summary judgment entered in its favor on all of Plaintiff's claims.

**WHEREFORE, IT IS HEREBY ORDERED THAT** Defendant's motion for summary judgment (Doc. No. 23) is **GRANTED**. The Clerk of Court is directed to enter judgment in favor of Defendant and to close the case file.

        S/ Yvette Kane
        Yvette Kane
        United States District Judge

Dated: September 30, 2005